UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ALLEN HOOD,

          Plaintiff,

   v.

PAYNE, et al.,

          Defendant.

CASE NO. 3:17-cv-05799-RJB-DWC

ORDER GRANTING MOTION TO AMEND AND DENYING MOTION FOR COUNSEL

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. Plaintiff James Allen Hood, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on October 4, 2017. *See* Dkt. 1. After the Court ordered the complaint be served, Plaintiff filed a Motion to Supplement/Amend Complaint ("Motion to Amend") (Dkt. 9) with an attached Proposed Amended Complaint, and a Motion for Court-Appointed Counsel ("Motion for Counsel") (Dkt. 10).

Plaintiff may amend his Complaint once as a matter of course if he does so within 21 days of service. Fed. R. Civ. P. 15(a)(1)(A). Here, Plaintiff filed his Motion to Amend on November 6, 2017, only four days after the Court issued its order directing service. Because of

this, Plaintiff may properly amend his Complaint as a matter of course. However, Plaintiff's scanned Proposed Amended Complaint (Dkt. 9-1) is illegible because of how faint the scanned image is and the Court cannot read it. Because Plaintiff filed his Motion to Amend in a timely manner, the Court grants it. However, because the Court cannot read Plaintiff's Proposed Amended Complaint, Plaintiff must file a new, legible proposed complaint. Plaintiff should use the form provided by the Clerk, but may include additional pages so long as they are legible and he remains under the 24 page limit prescribed by Local Rule 7.

Plaintiff has also filed a Motion for Counsel. Dkt. 10. Though Plaintiff does not enjoy a constitutional right to counsel in a § 1983 action (*see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995)), he may be appointed counsel if he can demonstrate "exceptional circumstances." *Rand v. Roladn*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). Such circumstances may be demonstrated if Plaintiff can show he is likely to succeed on the merits of his claim and does not have the ability to articulate his legal or factual claims without assistance of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Here, it is far too early in Plaintiff's action to evaluate the likelihood of success on the merits. Further, Plaintiff's original Complaint does not indicate he lacks the ability to articulate either his factual or legal claims. Because of this, Plaintiff has not demonstrated the exceptional circumstances that would entitle him to appointed counsel.

Therefore, it is ORDERED:

(1) Plaintiff's Motion to Amend (Dkt. 9) is granted. Plaintiff is directed to a file a new, legible Proposed Amended Complaint on the form provided by the Clerk **on or before January 12, 2018**.

(2) Plaintiff's Motion for Counsel (Dkt. 10) is denied without prejudice. Plaintiff may file another Motion for Counsel at a later date if he can demonstrate the exceptional circumstances noted above.

(3) The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se instruction sheet to Plaintiff.

Dated this 15th day of December, 2017.

David W. Christel
United States Magistrate Judge